UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMERICAN SPECIALTY LAB LLC, <br><br> Plaintiff, <br><br> v. <br><br> GENTECH SCIENTIFIC INC., <br><br> Defendant. | Case No. 2:17-cv-01458-MMD-PAL <br><br> ORDER |

**I.   SUMMARY**

This case arises from Plaintiff American Specialty Lab, LLC's ("ASL") purchase of equipment from Defendant GenTech Scientific, Inc. ("GenTech"). GenTech has filed two motions: (1) motion to dismiss pursuant to Rule 12(b)(6) ("Motion to Dismiss") (ECF No. 8); and (2) motion to dismiss pursuant to Rule 12(b)(3), or in the alternative, motion to transfer venue ("Motion to Transfer") (ECF No. 10). The Court has reviewed ASL's responses (ECF Nos. 11, 12) and GenTech's replies (ECF Nos. 13, 14). For the reasons discussed below, the Court grants the Motion to Transfer and declines to address the Motion to Dismiss.[1]

**II.   RELEVANT BACKGROUND**

The following facts are taken from the Complaint. (ECF No. 1.) ASL owns a lab that evaluates herbs and other biological issues. GenTech makes a number of claims on

---
[1] While the Court declines to rule on the Motion to Dismiss in light of the transfer of the case, the Court did consider the arguments presented in ASL's opposition to the Motion to Dismiss because ASL incorporated those arguments in its opposition to the Motion to Transfer.

its website about its products and services, including that it is "well known throughout the analytical instrumentation community for its excellent service, repair and support." (ECF No. 1 at 3-4.) ASL purchased certain equipment from GenTech for $75,000.00, but the equipment "never worked according to the specification and to the satisfaction of the desired and projected results." (*Id.* at 5.) ASL asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

## III.    DISCUSSION

GenTech relies on the forum-selection clause in the "Customer Purchase Order" ("the Purchase Order") to argue that venue is not proper in Nevada and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404. (ECF No. 10 at 2-3.) The Court may consider the Purchase Order in deciding the Motion to Transfer under Rule 12(b)(3). *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (the court may consider matters outside the pleadings in deciding a motion made pursuant to Fed. R. Civ. P. 12(b)(3).) Moreover, ASL agrees that the Purchase Order governs the parties' dispute. (ECF No. 12 at 4.) The Purchase Order is a single page document that contains the following provision ("Terms and Conditions") to the right of the signature line and immediately below the date, which states:

> This order for equipment, parts, or services is expressly limited to acceptance of GenTech's General Sales Terms and Conditions (available at http://gentechscientific.com/contents/8-sales-terms-and-conditions). Any different or additional terms are expressly rejected by GenTech unless agreed to in writing.

(ECF No. 10 at 9.) Paragraph 30 of the Terms and Conditions ("the Clause") provides, in pertinent part, that the parties agree that any dispute arising under their agreement "shall be finally settled in an action commenced and maintained in any state or federal district court sitting in WYOMING COUNTY, New York . . ." (*Id.* at 13.) Accordingly, GenTech argues that the Court should enforce the Clause and dismiss this action, or in the alternative, transfer this action to the federal district court sitting in Wyoming County, New York.

The Supreme Court in *Atlantic Marine Construction Company, Inc. v United States District Court for the Western District of Texas,* 134 S.Ct. 568 (2013), clarified the procedure for enforcing a forum-selection clause. As the Court explained, 28 U.S.C. § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district court." *Id.* at 579. In dicta, the Court noted that a Rule 12(b)(3) motion is not a proper mechanism to enforce a forum-selection clause; Rule 12(b)(3) allows for dismissal based on "improper venue" but whether venue is "improper" is governed by 28 U.S.C.§ 1391. *Id.* at 577, 580. Here, GenTech does not contend that venue is improper in this Court under § 1391. GenTech instead seeks to change venue solely because of the forum-selection clause in the Purchase Order, not because venue is not proper in this Court. Indeed, the Complaint sufficiently alleges venue in this Court. (ECF No. 1 at ¶ 4 ("Substantial portion of the activities occurred in Las Vegas.")) Thus, the Court will consider GenTech's Motion to Transfer under section 1404(a).

"[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine,* 134 S.Ct. at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (internal quotation marks and alteration omitted). The Court instructs "district courts to adjust their usual § 1404(a) analysis in three ways": (1) disregard the plaintiff's choice of forum; (2) disregard "arguments about the parties' private interests"; and (3) "consider arguments about public-interest factors only." *Id.* at 581-82. The Supreme Court recognizes that this "analysis presupposes a contractually valid forum-selection clause." *Id.* at 579 n. 5. In the Ninth Circuit, a "forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a heavy burden to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC,* 552 F.3d 1077, 1083 (9th Cir. 2009) (internal quotation marks and citation omitted).

GenTech insists that under Ninth Circuit case law, the Clause is presumptively valid and should be enforced. The Clause is clear as to forum—any dispute under the

Purchase Order "shall be finally settled in an action commenced and maintained in any state or federal district court sitting in WYOMING COUNTY, New York . . ." (ECF No. 10 at 13.)

The gist of ASL's response is that the Terms and Conditions are not part of the Purchase Order, and hence are not enforceable, by characterizing the Terms and Conditions as a "browsewrap agreement."[2] (ECF No. 11 at 2-3 (incorporating arguments presented in ECF No. 12 at 5-19).) However, as GenTech correctly points out, this is a term of art used to refer to contracts formed on the Internet "where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-1176 (9th Cir. 2014). With a browsewrap agreement, the user of the website "gives his assent [to the terms and conditions] by simply using the website." *Id.* at 1176 (internal quotation marks and citation omitted). "'The defining feature of browsewrap agreements is that the user can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists.'" *Id.* (quoting *Be In, Inc. v. Google Inc.,* No. 12–CV–03373–LHK, 2013 WL 5568706, at *6 (N.D. Cal. Oct. 9, 2013)).

The Purchase Order does not share any substantial features with a browsewrap agreement.[3] First and foremost, ASL does not dispute that the Purchase Order is a valid contract because ASL is premising its breach of contract claim on the Purchase Order. Second, ASL completed the missing information in the Purchase Order by hand writing in the items ordered, adding an additional term that "timeliness is important if not 5%

---

[2]ASL also makes a number of arguments (i.e., a plaintiff's choice of forum should be given great deference and the court should consider whether the forum is convenient to the parties and witnesses) (ECF No. 12 at 4-5) that are not applicable under the *Atlantic Marine* framework. The only argument that ASL makes that would fall within *Atlantic Marine*'s "public-interest factors" analysis pertains to its claim of fraud. In particular, ASL contends that the Clause "if not obtained by fraud, clearly had been taken by duress in the form of a clause hidden in browsewrap." (ECF No. 11 at 6.) However, because the argument as to fraud is based on the Clause being a browsewrap, this argument is misplaced. *See* discussion, *infra.*

[3]Assuming the Purchase Order was obtained online at GenTech's website, the only similar feature with a browsewrap agreement ends there—that the form for the agreement form was found on the Internet.

4

discount/week," and signed and dated the Purchase Order. (ECF No. 10 at 9.) Thus the wet signature removes the Purchase Order and the Terms and Conditions from the universe from which browserwrap agreements reside. Third, the Purchase Order clearly states that the "order for equipment, parts, or services is expressly limited to acceptance of GenTech's General Terms and Conditions." (ECF No. 10 at 9.) This provision provides notice of the incorporation of the Terms and Conditions, unlike the situation with browsewrap agreements where "the user can continue to use the website . . . without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Nguyen,* 763 F.3d at1176. That the party entering into the Purchase Order needed to access the provided link to obtain the Terms and Conditions does not turn the Purchase Order into a browsewrap agreement. Accordingly, the cases that ASL relies on, and the arguments that ASL offers that are premised on the characterization of the Terms and Conditions as a "browsewrap agreement," have no application to the enforceability of the Clause.

ASL has not met its "heavy burden" of providing any basis for the Court to determine that the Clause is invalid. The Court agrees with GenTech that the forum-selection clause in the Purchase Order is enforceable. That Clause provides for the proper forum to be the state or the federal district court sitting in Wyoming County, New York. The Court will transfer this case to the federal district court sitting in Wyoming County, New York.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion to Transfer.

It is therefore ordered that the motion to dismiss under Rule 12(b)(3), or in the alternative, motion to transfer venue (ECF No. 10) is granted. This case will be transferred ///

| | |
|---|---|
| 1 | to the United States District Court for the Western District of New York. In light of the |
| 2 | transfer of venue, the Court declines to address the Motion to Dismiss (ECF No. 8). |
| 3 | The Clerk is directed to effectuate the transfer of this case. |
| 4 | |
| 5 | DATED this 16th day of November 2017. |

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE